UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 9:25-cv-081041

IONNIE MCNEILL
Plaintiff,

v.

CITY OF WEST PALM BEACH,
Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IONNIE MCNEILL, by and through undersigned counsel, brings this action against Defendant, CITY OF WEST PALM BEACH, for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.*, and 42 U.S.C. § 1981, and alleges as follows:

### PARTIES

1. Plaintiff, Ionnie McNeill is an African American woman who resides at 1450 N Mangonia Drive, West Palm Beach, FL 33401.

2. Defendant, City of West Palm Beach, is a municipal corporation organized under the laws of the State of Florida, with its principal place of business at 401 Clematis Street, West Palm Beach, FL 33401.

3. At all times relevant hereto, Plaintiff was an "employee" within the meaning of Title VII, the Florida Civil Rights Act, and 42 U.S.C. § 1981.

4. At all times relevant hereto, Defendant employed more than fifteen (15) employees and was an "employer" within the meaning of Title VII, the Florida Civil Rights Act, and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this District and the events giving rise to this action occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On May 7, 2024 Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. **See Exhibit 1.**

8. On August 14, 2025 the EEOC, through Department of Justice, issued to Plaintiff a right to sue letter. **See Exhibit 2.**

   The instant lawsuit was filed within ninety days of the issuance of the right to sue letter.

## FACTUAL BACKGROUND

9. On September 18, 2018 Defendant hired Plaintiff as a Library Page in the Technical Services Department.

10. From September 18, 2018 to February 2, 2024, Plaintiff maintained an excellent work record and never received any discipline.

11. On February 14, 2023, Plaintiff received a STAR Award for helping during staff shortages, demonstrating her dedication and capability. Plaintiff was nominated for this award by Theresa Pezzo and the award was approved by Lisa Hathaway.

12. On November 9, 2023, Plaintiff filed a written complaint of race discrimination with the City's HR department.

13. Until February 2, 2024, Plaintiff received positive feedback from supervisors and colleagues, with emails praising her work performance, attention to detail, and contributions to the Technical Services Department.

14. The complaint was investigated, and the result of that investigation was provided to Plaintiff on February 2, 2024.

15. The City concluded that no discrimination occurred.

16. Since the City's conclusion of no discrimination on February 2, 2024, the City has, by and through Plaintiff's direct supervisor, Lena Safi, Plaintiff's manager, Theresa Pezzo, and Plaintiff's director, Lisa Hathaway retaliated against her.

17. Within days after Defendant concluded no discrimination occurred, Defendant administered disciplinary action on Plaintiff, required only Plaintiff to complete daily performance log time sheets, placed Plaintiff on a Performance Improvement Plan, reduced Plaintiff's work hours from nineteen (19) hours per week to seventeen (17) hours per week while maintaining other employees at nineteen (19) hours, removed Plaintiff from the department, changed Plaintiff's position, relocated Plaintiff's work station, and changed Plaintiff's reporting structure.

18. Plaintiff was moved out of a specially designated office space that she occupied for roughly five (5) years into a workspace where she was not given a desk or chair to sit in while at work.

19. Plaintiff's position was changed from one in which she was assigned and dedicated to a department to one where she "floated" between various departments.

20. Plaintiff was the only Library Page in the "Floater role."

21. Despite claiming performance issues dating back to October 2023, Defendant took no disciplinary action until after February 2, 2024.

22. While other White employees like Leaghanna Miller, Darby Ragle, and Elizabeth Mitchell were given the option to work additional hours, Plaintiff was not provided this option despite her previous STAR Award for helping during staff shortages.

23. The City's handling of Plaintiff's alleged tardiness issues revealed retaliatory intent, as the City waited until after Plaintiff complained of discrimination to address her alleged tardiness.

24. When the City learned that Plaintiff was invited to meet with the Mayor's office to work on an important initiative, it usurped the communication chain between Plaintiff and the Mayor's office requiring the Mayor's office to provide an agenda of the items that it was discussing with Plaintiff.

25. In February 2024 Plaintiff began seeking therapeutic treatment for her anxiety resulting from working in the hostile work environment Defendant created.

26. On April 1, 2024, Plaintiff received a Notice of Investigation and Predetermination Meeting regarding alleged code of conduct violations.

27. The hostile work environment and retaliatory actions created such intolerable working conditions that Plaintiff began experiencing severe anxiety and panic attacks at work.

28. On July 16, 2024, Plaintiff's physician documented that she was experiencing "a high level of stress at work leading to recurrent panic attack" and advised that she "needs better work environment with accommodations to minimize her signs and symptoms."

29. Plaintiff was diagnosed with Generalized Anxiety Disorder as a result of the hostile work environment.

30. Because of the hostile work environment created by Defendant, Plaintiff experienced her first panic attack at work on June 26, 2024 which required medical response.

31. Because of the hostile work environment created by Defendant, Plaintiff experienced her second panic attack at work on July 19, 2024 which required medical response.

32. The working conditions became so intolerable that Plaintiff was forced to request an accommodation and leave from work beginning August 12, 2024.

33. Plaintiff had no choice but to resign on September 11, 2024.

34. A reasonable person in Plaintiff's position would have been compelled to resign.

35. Plaintiff believes these actions occurred because she complained of race discrimination to the City's HR department.

## COUNT I - RETALIATION IN VIOLATION OF TITLE VII

36. Plaintiff incorporates paragraphs 1 – 35 as if fully set forth herein.

37. Defendant's actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

38. Plaintiff engaged in protected activity by filing a discrimination complaint with human resources on November 9, 2023.

39. Defendant subjected Plaintiff to materially adverse employment actions after her protected activity.

40. There is a causal connection between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity and the dramatic shift in treatment following the conclusion of the Human Resources investigation.

## COUNT II - RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

41. Plaintiff incorporates paragraphs 1 – 35 as if fully set forth herein.

42. Defendant's actions constitute unlawful retaliation in violation of Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*.

43. Plaintiff engaged in protected activity by filing a discrimination complaint with human resources on November 9, 2023.

44. Defendant subjected Plaintiff to materially adverse employment actions after her protected activity.

45. There is a causal connection between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity and the dramatic shift in treatment following the conclusion of the Human Resources investigation.

## COUNT III - RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

46. Plaintiff incorporates paragraphs 1 – 35 as if fully set forth herein.

47. Defendant's actions constitute unlawful retaliation in violation of 42 U.S.C. § 1981.

48. Plaintiff engaged in protected activity by filing a discrimination complaint with human resources on November 9, 2023.

49. Defendant subjected Plaintiff to materially adverse employment actions after her protected activity.

50. There is a causal connection between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity and the dramatic shift in treatment immediately following the conclusion of the Human Resources investigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that Defendant's conduct violated Title VII, the Florida Civil Rights Act, and 42 U.S.C. § 1981;

B. Award Plaintiff compensatory damages for emotional distress, mental anguish, and other pecuniary losses;

C. Award Plaintiff punitive damages;

D. Award Plaintiff back pay and front pay;

E. Award Plaintiff reasonable attorneys' fees and costs;

F. Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 20, 2025

>                                                  */s/ Denise A. Mutamba*
>                                                  Denise Mutamba, Esq.
>                                                  Florida Bar No.: 111727
>                                                  Attorney for Plaintiffs
>                                                  MDM Legal, PLLC
>                                                  7754 Okeechobee Blvd Ste 4-3068
>                                                  West Palm Beach, Florida 33411
>                                                  Phone: (561) 872-3601
>                                                  Email: denise@mdmattorneys.com
>                                                  *Attorney for Plaintiff*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>EEOC | Agency(ies) Charge No(s):<br>510-2024-07093 |
|---|---|---|

_____ and EEOC
*State or local Agency, if any*

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br>Ionnie McNeill | Home Phone | Year of Birth<br>1988 |
|---|---|---|
| Street Address<br>▮▮▮▮▮▮▮▮▮▮▮<br>West Palm Beach, FL 33401 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>City of West Palm Beach | No. Employees, Members<br>501+ Employees | Phone No.<br>561-494-1000 |
|---|---|---|
| Street Address<br>401 Clematis Street<br>West Palm Beach, FL 33401 | | |
| Name | No. Employees, Members | Phone No. |
| Street Address    City, State and ZIP Code | | |

| DISCRIMINATION BASED ON<br><br>Retaliation | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest           Latest<br>02/02/2024      05/07/2024<br><br>Continuing Action |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Ms. McNeill has been employed with the City of West Palm Beach for over five (5) years as a Library Page in the Technical Services Department. During her employment, Ms. McNeill has never received any discipline. On November 9, 2023, Ms. McNeill filed a written complaint of race discrimination with the City's HR department. The complaint was investigated and the result of that investigation was provided to Ms. McNeill on February 2, 2024. The City concluded that no discrimination occurred. Since the City's conclusion of no discrimination, the City has, by and through Ms. McNeill's direct supervisor (Technical Services Supervisor), Ms. McNeill's manager (Technical Service Manager), and Ms. McNeill's director (Library Director) retaliated against her by giving her a written warning, placing her on a performance improvement plan, reducing her work hours, removing her from the department, changing her position, relocating her work station, and changing her immediate supervisor. Ms. McNeill believes these actions occurred because she complained of race discrimination to the City's HR department.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>  **Digitally Signed By: Ionnie McNeill**<br>05/07/2024<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page **1** of 2

# EXHIBIT 1

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

 Gmail  Denise Mutamba <denise@mdmattorneys.com>

## Response: Your Civil Rights Division Report - 651404-HCV from the Employment Litigation Section

**DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>   Thu, Aug 14, 2025 at 11:20 AM
Reply-To: civilrightsdonotreply@mail.civilrights.usdoj.gov
To: Denise@mdmattorneys.com

**U.S. Department of Justice**
**Civil Rights Division**

civilrights.justice.gov

651404-HCV

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Aug 14, 2025

Ionnie McNeill

[REDACTED]

Re:    Ionnie McNeill v. CITY OF WEST PALM BEACH, et al.,
EEOC Charge No. 510-2024-07093

Dear Ionnie McNeill,

You are receiving this notice because you filed the above charge(s) with the Equal Employment Opportunity Commission (EEOC), and you or your attorney specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):

- Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.

If you decide to file a lawsuit under the statute(s) identified above, **you must file it in the appropriate court within 90 days of receiving this Notice**.  This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious.  If you haven't already, you may want to consult with a private attorney of your own choosing and expense.

If you have questions or wish to inspect the investigative file pertaining to this matter, please

EXHIBIT 2

address your inquiry to the following EEOC office: Miami District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/miami/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: ▮▮▮▮▮▮▮▮▮▮▮▮ Denise@mdmattorneys.com, volds@wpb.org

## Contact

civilrights.justice.gov

mail  U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

phone  (202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf
(TTY) (202) 514-0716